IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01748-PAB

DIRK BROWN,

    Applicant,

v.

JASON LENGERICH, BVCC Warden, and
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

    Respondents.

---

## ORDER

---

    On January 22, 2016, the Court entered an Order Denying Writ of Habeas Corpus [Docket No. 31], dismissing this 28 U.S.C. § 2254 action with prejudice. Following dismissal, Applicant filed, on January 25, 2016, a "Reply" [Docket No. 35], a "Motion for Appointment of 28 U.S.C. § 2254 Counsel" [Docket No. 33], and a Motion to Compell [sic] the State to Disclose Exculpatory Evid./Impeachment Info., In Case 10CR131, Pursuant to the *Brady/Giglio* Rule [Docket No. 34].

    In the January 22 Order, the Court observed that "Applicant ha[d] not filed any replies" to the Respondents' Pre-Answer Response [Docket No. 9] or Answer [Docket No. 27]. [Docket No. 31]. However, the deadline for Applicant to file his Reply to the Respondents' Answer – January 25, 2016 – had not yet passed. Accordingly, in fairness to Mr. Brown, the Court will consider, on its own motion, whether any of the arguments he raises in the Reply, or in the other motions filed the same date, warrant reconsideration of the January 22 Order.

## I. BACKGROUND

Mr. Brown was convicted by a jury in Arapahoe County District Court, Case No. 10CR131, of second degree kidnapping, three counts of aggravated robbery, conspiracy to commit aggravated robbery, and theft for robbing a pawn shop. He was adjudicated a habitual offender and sentenced to an aggregate term of 256 years in the Colorado Department of Corrections. Applicant's convictions and sentences were affirmed on direct appeal in *People v. Dirkin Brown*, Case No. 12CA0181 (Colo. App. June 5, 2014) (unpublished). Docket No. 9-2. The Colorado Supreme Court denied Applicant's petition for certiorari review on January 12, 2015. Docket No. 9-6.

On August 13, 2015, Mr. Brown filed, *pro se,* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, raising the following claims:

> 1. "Sheridan Police Dept. (SPD) Det. Kristine Denise Bryant's Vigilante Method Used To Wrongfully Convict Petitioner."
>
> 2. "Colo. Bureau Of Investigation (CBI) Agent's Destruction Of Evid., Negligent Testing Methods & Suppression Thereof."
>
> 3. "Defective Warrant (Lack of Court Subject Matter Jurisdiction)."

Docket No. 1.

In the dismissal order, the Court concluded that Mr. Brown was not entitled to federal habeas relief for his first and second claims -- that the evidence was insufficient to support his conviction and that the Colorado Bureau of Investigation destroyed or failed to preserve evidence -- because the Colorado Court of Appeals' resolution of those claims was not contrary to, or an unreasonable application of, Federal law. *See* 28 U.S.C. § 2254(d)(1). The Court further determined that the state appellate court's

resolution of claims one and two was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* § 2254(d)(2).

With regard to Mr. Brown's third claim -- challenging the legal sufficiency of his arrest warrant -- the Court determined that any Fourth Amendment challenge was not cognizable on federal habeas review because the state court proceedings were adequate to provide Applicant with an opportunity for full and fair litigation of his claim. *See Stone v. Powell*, 482 U.S. 465, 482-87 (1976).

## II. APPLICANT'S POST-DISMISSAL FILINGS

Mr. Brown asserts in the Reply that he

> has been denied all attempts . . . to obtain access, inspection or in-camera review of Sheridan Police Dept. (SPD) IA [Internal Affairs] Investigation Report (i.e. *Brady* material) in the matter of SPD Det. Kristine Denise Bryant's egregious misconduct in Case 10CR131, which operates to deny Mr. Brown his inalienable rights to a constitutional trial, . . . .

Docket No. 35 at 2.

Applicant requests an opportunity to conduct discovery, pursuant to Rule 6 of the Rules Governing Habeas Corpus Cases. *Id.* at 5. In the "Motion to Compel," Docket No. 34, he asks the Court to compel the State of Colorado to disclose the IA report, Detective Bryant's "SIB file," and the Detective's employment records, including any "complaints lodged against her." *Id.* at 5.

Mr. Brown further argues in the Reply that he is entitled to equitable tolling of the AEDPA one-year limitation period set forth in 28 U.S.C. § 2244(d)(1) because he has

repeatedly been denied access to the IA investigation report concerning Detective Bryant's "vigilantism." Docket No. 35 at 4; *see also id.* at 2, 3.

And, finally, Mr. Brown requests an evidentiary hearing on his claims. *Id.* at 5.

## III. ANALYSIS

In the January 22, 2016 Order, the Court concluded that the Colorado Court of Appeals' resolution of Mr. Brown's claim challenging the sufficiency of the evidence comported with the applicable legal standards set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). Docket No. 31 at 10-13. In analyzing the merits of the claim, the Court also addressed Applicant's assertion that Detective Bryant provided perjured testimony at his trial. The Court stated:

> Applicant further appears to assert that Detective Bryant provided perjured testimony during his criminal trial. However, the mere introduction of perjured testimony, alone and without more, does not violate the constitutional rights of the accused. In order to establish a due process violation, an applicant must show that:  1) the witness' testimony was in fact false; 2) the prosecution knew it to be false; and 3) the testimony was material. *Napue v. People of State of Ill.*, 360 U.S. 264, 269 (1959). *See also United States v. Caballero*, 277 F.3d 1235, 1243-44 (10th Cir. 2002).
>
> Applicant offers no evidence that Detective Bryant's testimony was false. As explained by the Court [of Appeals], her remarks about the age of the blood stain and picking up the bottle are not inconsistent with, let alone [do they] contradict, her testimony on direct examination. Inconsistent testimony alone does not establish the knowing use of perjured testimony. *See Tapia v. Tansy*, 926 F.2d 1554, 1563 (10th Cir. 1991). Moreover, Applicant fails to show the prosecutor knew, or should have known, that Detective Bryant's testimony allegedly was false. Thus, he has failed to show a violation of his Due Process rights based on his allegation of perjured testimony. Therefore, Applicant is not entitled to habeas relief on this claim.

*Id.* at 14.

In his January 25, 2016 filings, Mr. Brown asks the Court to allow him to conduct discovery to obtain copies of the IA report and records in Detective Bryant's employment file because he believes these documents will establish that the detective perjured herself at trial when she testified that the blood smears on a bottle of detergent recovered from the crime scene were fresh at the time the police arrived.

Rule 6(a) of the Rules Governing Section 2254 Cases requires a habeas petitioner to show "good cause" before he is afforded an opportunity for discovery. Good cause is shown if the petitioner makes a specific allegation that establishes reason to believe the habeas petitioner may be able to demonstrate he is entitled to relief.  See *Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Bracy v. Gramley*, 520 U.S. 899, 908 (1997) (approving the *Harris* standard); see also *LaFevers v. Gibson*, 182 F.3d 705, 723 (10th Cir. 1999) (applying *Harris*).

Mr. Brown's speculation about the contents of the IA report and Detective Bryant's employment records does not constitute a specific allegation tending to show that Applicant may be entitled to federal habeas relief.  The fact that Detective Bryant was subject to an IA investigation and resigned in September 20, 2013, almost two years after Applicant was sentenced for his convictions, see Docket No. 35 at 7-8, do not, without more, provide support for Applicant's conclusory assertion that the detective gave false testimony at his trial.  Accordingly, the Court finds no basis to re-open this case for the purpose of allowing Mr. Brown to conduct discovery.

Furthermore, to the extent Mr. Brown is belatedly attempting to assert a due process claim based on the government's failure to disclose material exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), he has not exhausted

the claim in the state courts.  A petitioner must exhaust available state court remedies prior to seeking federal habeas relief.  *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999).  In addition, Applicant has committed an anticipatory procedural default because, if he attempted to raise the claim in the state courts now, it would be rejected on the independent and adequate state procedural ground that he should have, but failed to, raise the claim on direct appeal.  *See* Colo. Crim. P. Rule 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought. . ."); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (discussing anticipatory procedural bar).  A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).  Mr. Brown does not allege an external cause for his anticipatory procedural default, and his conclusory assertion of actual innocence would not excuse the procedural bar.  *See Schlup v. Delo*, 513 U.S. 298, 314-15, 324 (1995) (to satisfy fundamental miscarriage of justice exception, prisoner must present new reliable evidence of his actual innocence -- "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.").  And, lastly, Mr. Brown's speculation about the contents of the IA report and Detective Bryant's employment records is insufficient to show that the documents contain material

and exculpatory information. *See*, *e.g.*, *Sandoval v. Ulibarri*, 548 F.3d 902, 915 (10th Cir. 2008) (holding that the petitioner's speculative assertions about contents of an undisclosed medical report were insufficient to establish a *Brady* violation).

Moreover, Applicant's arguments in the Reply concerning equitable tolling are irrelevant because the Court did not dismiss the § 2254 Application as time-barred.

Having carefully considered Mr. Brown's *pro se* post-dismissal order filings liberally, and in their entirety, the Court finds no persuasive reason to re-open this case to allow Applicant to conduct discovery. Because the parties' filings and the state court record establish that Mr. Brown is not entitled to federal habeas relief for the claims asserted in the Application, he has also failed to demonstrate that an evidentiary hearing is warranted or that he is entitled to the appointment of counsel. *See* Rule 8(a) of the Rules Governing Section 2254 Cases (addressing evidentiary hearings); *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden,* 23 F.3d 332, 333 (10th Cir.1994) (decisions regarding appointment of counsel in habeas corpus proceedings generally are "left to the court's discretion," unless the district court "determines that an evidentiary hearing is required.") (citing Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts). Accordingly, it is

**ORDERED** that Applicant's requests for discovery and an evidentiary hearing, as set forth in the Reply [Docket No. 35] are DENIED for the reasons discussed above. It is further

**ORDERED** that the "Motion for Appointment of 28 U.S.C. § 2254 Counsel" [Docket No. 33] is DENIED. It is further

**ORDERED** that the Motion to Compell [sic] the State to Disclose Exculpatory Evid./Impeachment Info., In Case 10CR131, Pursuant to the *Brady/Giglio* Rule [Docket No. 34] is DENIED.

DATED February 12, 2016.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge